[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The Town [sic] of Bristol moves to dismiss this action for lack of in personam jurisdiction because the complaint makes no allegations against it.
Facts
The summons lists as defendants Shoprite Supermarkets, Inc. ("Shoprite"), Estate of Irving Eisenbaum ("the Estate"), Bristol Water Department ("Water Department") and Town Clerk of the Town of Bristol ("Town Clerk").
The complaint alleges negligence by Shoprite, the Estate and Water Department.
Service of process was made on Shoprite, the Estate, Water Department and Town Clerk.
The Town of Bristol and The City of Bristol are geographically co-extensive.
In Bristol, the office of Town Clerk and office of the City Clerk are held by the same human being.
Law
I. Re: Town of Bristol
Plaintiff has sued the Town Clerk but has not alleged any negligence by that person. Even if the court were to find that the suit against that person was somehow a suit against the Town, plaintiff's position would not improve because there is no allegations of negligence against the Town.
Process in an action against a town is to be served upon its clerk, assistant clerk, manager or one of its selectman. CT Page 7119 Conn. Gen. Stat. Sec. 42-57(b)(1). Plaintiff served the clerk but not for any civil action against the Town. Thus, the summons was not accompanied by a complaint against the town as is required by Conn. Gen. Stat. Sec. 52-45a.
II. Water Department
There is no service on the City of Bristol. Conn. Gen. Stat. Sec. 52-57(b)(2).
The Water Department is a creature of the City of Bristol; not the Town of Bristol Code Sec. 48.
Motion to dismiss granted as to Town of Bristol but not as to Water Department.
NORRIS L. O'NEILL JUDGE, SUPERIOR COURT